Form G-3 (20240417)

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
MAY 30 2024
JEFFREY P. ALLSTEADT, CLERK
DEPUTY CLERK - VV

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**_____ DIVISION**

In re: ) Chapter 7
)
Karen Aukes-Sam ) No. 23-80459
)
)
Debtor(s) ) Judge Thomas Lynch

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on June 5th, at 11am, I will appear before the Honorable Thomas Lynch, or any judge sitting in that judge's place, **either** in courtroom 3100 of the _____, or electronically as described below, and present the motion of Motion for Sanctions and damages [to/for] _____, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 16029152226 and the passcode is 852255. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: _____

# CERTIFICATE OF SERVICE

I, _Robert San_,

☐ an attorney, certify

- or -

☑ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on _Nicholas Glanz_, at _Ncol Cronowki*.com_

_____
[Signature]

*All applicable boxes must be checked and all blanks filled in.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOiS

| | |
|---|---|
| In re: | ) Case No. 23-80459 |
| | ) |
| Karen Auksi Sam, | ) Chapter 7 |
| | ) |
| Debtor. | ) Hon. Judge Thomas Lynch |

MOTION FOR SANCTIONS AND CONTEMPT FOR VIOLATION OF DISCHARGE INJUNCTION

NOW COMES the Debtor, Karen K Auksi Sam, by and through her husband Robert Sam pro se, and respectfully moves this Court for an Order finding BKA Holdings, Melissa Mobile and Nicholas Cronauer in contempt for violating the discharge injunction pursuant to 11 U.S.C. § 524 and for the imposition of sanctions, and in support thereof states as follows:

1. **Jurisdiction and Venue**
   a. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.
   b. Venue is proper pursuant to 28 U.S.C. § 1409.
   c. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. **Background**
   a. On May 4th 2023, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.
   b. On August 8th 2023, this Court entered an order granting the Debtor a discharge under 11 U.S.C. § 727/1328.

   c. The discharge order operates as an injunction against any acts to collect, recover, or offset any discharged debt as a personal liability of the Debtor, as provided in 11 U.S.C. § 524.

3. **Violation of Discharge Injunction**
   a. Despite the discharge injunction, BKA Holdings, Melissa Mobile and Nicholas Cronauer has engaged in actions to collect on a discharged debt.
   b. Specifically, BKA holdings, Melissa Mobile and Nicholas Cronauer BKA Holdings, Melissa Mobile And Nicholas Cronauer violated the injunction by adding Karen Sam to a 2024 eviction complaint ( see attached) a 30 day notice ( see complaint) and a rule 237 notice ( see attached).
   c. These actions occurred on November of 2023 through current.
   d. The actions of BKA Holdings, Melissa Mobile and Nicholas Crimaoer are in direct violation of the discharge injunction provided by 11 U.S.C. § 524.
   e. As a result of BKA Holdings, Melissa Mobile and Nicholas Cronauer's actions, the Debtor has suffered severe mental and physical stress. Karen Auksi is disabled and fights everyday for her life. This violation has brought unwarranted Stress and sickness.

4. **Legal Basis for Contempt and Sanctions**
   a. A violation of the discharge injunction is enforceable by contempt under 11 U.S.C. § 524(a)(2) and the inherent powers of the bankruptcy court.
   b. The standard for finding contempt in the context of a discharge injunction violation is that the creditor's actions must be willful, meaning the creditor knew of the discharge and intended the actions that violated the injunction.

5. **Relief Requested**

    a. The Debtor requests that this Court find BKA Holdings, Melissa Mobile and Nicholas Cronauer in contempt of court for violating the discharge injunction.

    b. The Debtor seeks the following sanctions against BKA Holdings, Melissa Mobile and Nicholas Cronauer:

        i. Actual damages incurred by the Debtor as a result of the violation, including mental and physical health stress and sickness.

        ii. Punitive damages in an amount sufficient to deter BKA Holdings, Melissa Mobile and Nicholas Cronauer and other creditors from future violations.

        iii. fees and costs incurred in bringing this motion.

        iv. Any other relief that this Court deems just and proper.

    WHEREFORE, the Debtor respectfully requests that this Court enter an Order finding BKA Holdings, Melissa Mobile and Nicholas Cronauer in contempt for violating the discharge injunction, awarding sanctions as requested herein, and granting such other and further relief as this Court deems just and proper.

Dated: May 30th 2024
Respectfully submitted,

*[signature]*

Karen K Auksi Sam
Robert Sam husband
639 stonegate dr sycamore Illinois 60178
779-777-3265
harpees5@yahoo.com

Robert Sam for debtor.

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Karen Kristen Auksi-Sam | Social Security number or ITIN  xxx-xx-4850 |
| | First Name  Middle Name  Last Name | EIN __-_____ |
| Debtor 2 | | Social Security number or ITIN ____ |
| (Spouse, if filing) | First Name  Middle Name  Last Name | EIN __-_____ |
| United States Bankruptcy Court | Northern District of Illinois | |
| Case number: | 23-80459 | |

# Order of Discharge                                                                                     12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Karen Kristen Auksi-Sam
aka Karen Kristen Auksi, aka Karen Kristen Sam

August 8, 2023                                   **For the court:** Jeffrey P. Allsteadt, Clerk
                                                                   United States Bankruptcy Court

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

For more information, see page 2 >

Official Form 318                    Order of Discharge                    page 1

031801                            3210903192 2017

CRONAUER LAW, LLP
1101 DeKalb Ave., Suite 2
Sycamore, IL 60178
(815) 895-8585
Info@CronauerLaw.com

February 27, 2024

Robert Sam, Karen Sam, and all unknown occupants of:
639 Stonegate Drive
Sycamore, IL 60178

Subject: **30 Day Notice to Quit Premises** - Non-Payment of Rent, Utilities, breach of lease terms, 735 ILCS 5/9-120.

Dear Robert Sam, Karen Sam, and all unknown occupants.

This letter serves as a formal Notice to Quit Premises in accordance with Section 4024(c) of the federal Coronavirus Aid, Relief, and Economic Security (CARES) Act and applicable state and local laws.

As of the date of this notice, you are in arrears of rent for the period of January 2022 through present day, totaling an amount not less than $5,780. This notice is to inform you that due to the non-payment of rent, you are required to vacate the premises located at 639 Stonegate Drive, Sycamore, Illinois, 60178 no later than 30 days from the date of this notice, which is March 28, 2024. As of the date of this notice, you are also in breach of the August 21, 2022, lease terms, specifically § 9, and 735 ILCS 5/9-120.

Please understand that the failure to pay rent, comply with the lease terms, and conduct prohibited by 735 ILCS 5/9-120, this violates the terms of your lease agreement dated August 21, 2022. In accordance with the federal CARES Act, you are hereby given 30 days' notice to vacate the premises. If you do not vacate by March 28, 2024, legal proceedings may be initiated to recover possession of the property.

Please be advised that this notice is made under the specific requirements set forth in Section 4024(c) of the CARES Act and is subject to change based on any amendments to federal, state, or local laws.

We appreciate your immediate attention to this matter. If you have any questions or need further clarification, please do not hesitate to contact me directly at (815) 895-8585.

Sincerely,

/s/ C. Nicholas Cronauer
1101 DeKalb Ave., Suite 2
Sycamore, IL 60178

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT  DeKalb COUNTY | EVICTION COMPLAINT | For Court Use Only |
|---|---|---|

| Instructions ▼ | | FILED |
|---|---|---|
| Directly above, enter the name of the county where you will file the case. | **Plaintiff** *(For example, the landlord or owner)*: BKA HOLDINGS, LLC, an Illinois Limited Liability Compa | 3/29/2024 10:41 AM 2024EV000136 |
| Enter your name as Plaintiff. | v. | *Lori Grubbs* |
| Below "Defendants," enter the names of all the people you are trying to evict. | **Defendants** *(First, middle, last name)*: ROBERT SAM and KAREN SAM | Lori Grubbs Clerk of the Circuit Court DeKalb County, Illinois |
| The sheriff will only evict unknown occupants if the "Unknown Occupants" box is checked. | ☑ **Unknown Occupants** *(Unknown Occupants are people living in the property whose names you do not know.)* | 2024EV000136 **Case Number** |
| The Circuit Clerk will add a Case Number. | | |

| In **1**, enter the address of the property. | 1. I have the right to possession of the following property:  Address: 639 Stonegate, Sycamore, IL 60178              Address, Unit #      City      State    ZIP |
|---|---|

| In **2a-e**, check the reason you are asking the court to evict Defendants from the property. | 2. Defendants unlawfully withhold possession and have no right to stay in the property because *(check all that apply)*: |
|---|---|

   a. ☑ I ended *(terminated)* the lease for nonpayment of rent. Defendants owe rent for the period: 01/01/2022 to 03/29/2024 in the amount of $ 6,228.60.
               Date          Date

   b. ☑ They refused to leave the property after their oral or written lease ended.

   c. ☑ I ended *(terminated)* the lease because Defendants violated the terms of their lease by *(explain how they violated the lease)*: Refused landlord agent's entry in breach of lease paragraph § 9 (Exhibit A) and 735 ILCS 5/9-120 (Exhibit C)

   d. ☐ They are trespassers.

   e. ☑ They entered lawfully but have overstayed.

| In **3**, check the boxes that apply to your situation. | 3. I demand possession of the property and court costs.  I also demand *(check all that apply)*:  ☑ Past due rent in the amount of $ 6,228.60.  ☑ Rent due through the date of judgment.  ☑ Attorneys' fees, if allowed under the law. |
|---|---|

This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.
Forms are free at ilcourts.info/forms.

| STATE OF ILLINOIS, CIRCUIT COURT<br>_____ COUNTY | **EVICTION SUMMONS** | *For Court Use Only*<br><br>Exhibit F |
|---|---|---|

| Instructions ▼ | | |
|---|---|---|
| Directly above, enter the name of county where you will file the case. | **Plaintiff** *(For example, the landlord or owner):*<br>BKA HOLDINGS, LLC, an Illinois Limited Liability Compa\_\_\_\_\_<br>_____<br>_____ | |
| Enter your name as Plaintiff. | | |
| Below "Defendants," enter the names of all the people you are trying to evict. | v.<br><br>**Defendants** *(First, middle, last name):*<br>Robert Sam and Karen Sam<br>_____ | |
| The sheriff will only evict unknown occupants if the "Unknown Occupants" box is checked. | ☐ **Unknown Occupants** *(Unknown Occupants are people living in the property whose names you do not know.)* | 2024EV000136<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

## IMPORTANT: You have been sued.

- Read all documents attached to this *Summons*.
- You MUST attend court on the date in this *Summons*. If you do not, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- You do not have to file a document called an *Answer/Response* in an eviction case unless ordered to by the judge. You may have to file a document called an *Appearance*. If you do not file required court documents on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.
- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.
- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org.
- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

| **Plaintiff:** | If you are suing more than 1 Defendant, fill out an *Eviction Summons* form for each Defendant, including 1 *Eviction Summons* for all Unknown Occupants, if checked. To serve this *Summons*, see *How to Serve a Summons* at ilcourts.info/forms. |
|---|---|

E-S 3507.3            Page 1 of 6           (05/23)

Enter the Case Number given by the Circuit Clerk: 2024EV000136

| | | |
|---|---|---|
| In 1a, enter the name and address of a Defendant. | **1.** | **Defendant's address and service information** |

a. Defendant's primary address/information for service:
   Name *(First, Middle, Last)*: Robert Sam and Karen Sam
   Street Address, Unit #: 639 Stonegate Drive
   City, State, ZIP: Sycamore, IL 60178
   Telephone: _____  Email: _____

In 1b, enter a second address for Defendant if you have one.

b. If you have more than one address where Defendant might be found, list that here:
   Name *(First, Middle, Last)*: _____
   Street Address, Unit #: _____
   City, State, ZIP: _____
   Telephone: _____  Email: _____

In 1c, check how you are sending your documents to Defendant. If you need more information, see *How to File Present & Eviction Case* available at ilcourts.info/forms.

c. Method of service on Defendant
   ☐ Sheriff          ☐ Sheriff outside Illinois: _____
                                                  *County & State*
   ☑ Special process server      ☐ Licensed private detective

In 2, enter your contact information.

**2. Contact information for the Plaintiff:**
   ☐ Association   ☑ Landlord/Owner   ☐ Agent   ☐ Receiver
   Name *(First, Middle, Last)*: BKA HOLDINGS, LLC, c/o Cronauer Law, LLP

Enter your complete address, telephone number, and email address, if you have one.

   Street Address, Unit #: 1101 Dekalb Ave Suite 2
   City, State, ZIP: Sycamore, IL 60178
   Telephone: 8158958585
   Email: service@cronauerlaw.com

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Instructions for person getting this form (Defendant):** | The Plaintiff has filed a case in court to have you evicted. The Plaintiff's *Eviction Complaint* is attached.<br>• **If you do not go to court**, you could lose the case by default.<br>• The judge could order you to move and pay the Plaintiff money.<br>• Before you go to court, read YOU HAVE RIGHTS on page 4.<br>• If you are not ready for trial on your court date, you may ask the judge for more time. The judge does not have to give you more time. |

In 3, the plaintiff should enter:
• The court date and time that the clerk's office assigns to the case.
• The address of the courthouse.
• The call-in or video conference information for remote appearances (if applicable).
• The clerk's phone number and website.
All of this information is available from the Circuit Clerk.
For more information about how to complete 3, see *How to File & Present an Eviction*

**3. Instructions for the person receiving this *Eviction Summons* (Defendant):**
You must attend court on the date below:
   04/16/2024     at   9:00     ☑ a.m.  ☐ p.m. in   200
   *Date*                *Time*                          *Courtroom*
**In-person at:**

_____
*Courthouse Address*     *City*           *State*   *ZIP*

**OR**

**Remotely** (you may be able to attend this court date by phone or video conference. This is called a "Remote Appearance.")
   By telephone: _____
                *Call-in number for telephone remote appearance*
   By video conference:  Zoom
                         *Video conference website*
   Meeting Room ID: 864 920 8888       Password: 12345
   *Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at:  8158957131  or visit their website at:
                           *Circuit Clerk's phone number*
_____ to find out more about how to do this.
*Circuit Clerk's website*

E-S 3507.3                              Page 2 of 6                              (05/23)

Enter the Case Number given by the Circuit Clerk: 2024EV000136

| | |
|---|---|
| *Case* at ilcourts.info/forms. You can also call or text Illinois Court Help at 833-411-1121. | |
| **STOP!** The Circuit Clerk will fill in this section. | Witness this Date: 4/1/2024 12:48 PM <br> Clerk of the Court: _[signature]_ BM  |



**STOP!**
The officer or process server will fill in the Date of Service.

**To the Sheriff or special process server:** Serve this *Eviction Summons* and *Eviction Complaint* on the Defendant named above. This summons must be served at least 3 days before the court date (7 days in Cook County). Check with the Circuit Clerk.

Date of service: _____
(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)

IN THE CIRCUIT COURT OF THE TWENTY-THIRD JUDICIAL CIRCUIT
DEKALB COUNTY, ILLINOIS

| | |
|---|---|
| BKA HOLDINGS, LLC, an Illinois Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT SAM and KAREN SAM, & Unknown Occupants<br><br>Defendants. | Case No. 2024 EV 136 |

**FILED**
5/23/2024 12:43 PM
2024EV000136

Lori Grubbs
Clerk of the Circuit Court
DeKalb County, Illinois

## PLAINTIFF'S SUPREME COURT RULE 237 NOTICE TO PRODUCE AT HEARING

NOW COMES the Plaintiff by and through their attorney of record pursuant to Supreme Court Rule 237(b), and demands that the following be produced at the time of hearing on June 3, 2024, at 1:30 p.m.:

1. The appearance of the following party at trial:

    a. Karen Sam

2. The production of documents at trial for this case captioned above to the Plaintiff the originals or certified copies of:

    a. any cancelled check, money orders, and/or cashier checks made payable to any person or entity Defendants issued for rent or utility payments for 639 Stonegate Drive, Sycamore, IL 60178,

    b. all banking or financial statements or account from January 1, 2021 through present day showing any debits or currency Defendants utilized to pay rent or utilities for 639 Stonegate Drive, Sycamore, IL 60178,

    c. any cash withdraw/ATM receipts evidencing Defendants paying any rent or

  utility monies owed for 639 Stonegate Drive, Sycamore, IL 60178; and

 d. Any other document that establishes Defendants payment of rent or utility payments for 639 Stonegate Drive, Sycamore, IL 60178

 e. Defendants' tax returns for 2021 through present day;

 f. Income verification Defendants submitted to maintain your housing voucher for 2021-present day; and

 g. Any document establishing any source of income, currency, or cash Defendants' received from any party that was not included in any tax return filed or income verification that you submitted for housing eligibility.

Respectfully Submitted,

/s/ C. Nicholas Cronauer

---

CRONAUER LAW, LLP
1101 De Kalb Ave., Suite 2
Sycamore, Illinois 60178
Telephone: (815) 895-8585
Facsimile: (815) 895-4070
NC@cronauerlaw.com
Service@cronauerlaw.com

MOTION TO DISMISS EVICTION PROCEEDING AND FOR PROTECTIVE ORDER

Defendant, Robert And Karen Sam, by and through pro se, hereby moves this Honorable Court to dismiss the eviction proceeding initiated by Plaintiff, BKA Holdings, on the grounds that the eviction is based on debts discharged in Defendant's bankruptcy case, thereby violating the discharge injunction under federal bankruptcy law. Additionally, Defendant seeks a protective order to prohibit Plaintiff from asking Defendant to answer questions and testify about financials that were already discharged. In support of this motion, Defendant states as follows:

1. Background
   1.1. Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 4, 2023
   1.2. The United States Bankruptcy Court for the Northern District of Illinois entered an order discharging Defendant's debts on August 8th 2023
   1.3. The discharge order enjoins creditors from attempting to collect or seek payment on discharged debts and from pursuing legal actions related to such debts pursuant to 11 U.S.C. § 524(a).
2. Eviction Proceeding
   2.1. On February 27th 2024 Plaintiff initiated this eviction proceeding against Defendant, Case No. 2024EV136, based on non-payment of rent and other debts that were included in and discharged by Defendant's bankruptcy case.
   2.2. Plaintiff has also sought to compel Defendant to answer questions and testify about financial matters that were discharged in the bankruptcy case.
3. Violation of Discharge Injunction
   3.1. Pursuing an eviction based on discharged debts constitutes

a violation of the discharge injunction pursuant to 11 U.S.C. § 524(a)(2), which prohibits any act to collect, recover, or offset any discharged debt as a personal liability of the debtor.

3.2. Asking Defendant to answer questions and testify about discharged financial matters further violates the discharge injunction and subjects Defendant to undue burden and harassment. See In re Pratt, 462 F.3d 14, 17 (1st Cir. 2006) ("The discharge injunction prohibits a broad array of collection actions and is intended to give debtors a fresh start.").

4. Illinois Law on Eviction Notices and Complaints

   4.1. Under Illinois law, a 30-day notice and eviction complaint must be accurate and precise, including the correct amounts owed. See Hickey v. Illinois Central Railroad Co., 35 Ill. App. 3d 1043, 1046 (Ill. App. Ct. 1976) ("The notice must state with accuracy the amount of rent due and must be in conformity with the facts.").

   4.2. In this case, the eviction complaint inaccurately names the Defendant as liable for debts that have been discharged in bankruptcy.

   4.3. The notice and complaint erroneously refer to "defendants," plural, further indicating inaccuracies and procedural defects.

   4.4. Because the complaint includes amounts and parties that are protected under the bankruptcy injunction, the 30-day notice and eviction complaint are invalid and unenforceable under Illinois law.

5. Request for Relief

   WHEREFORE, Defendant respectfully requests that this Honorable Court enter an order:

   a. Granting this Motion to Dismiss the Eviction Proceeding;

   b. Enjoining Plaintiff from continuing with the eviction proceeding against Defendant based on discharged debts;

   c. Prohibiting Plaintiff from asking Defendant to answer

questions and testify about financial matters that were discharged in the bankruptcy case;

d. Awarding Defendant reasonable attorney's fees and costs incurred in bringing this motion;

e. Granting such other and further relief as this Court deems just and proper.

Dated: May 30th 2024
Respectfully submitted,
Robert Sam
Pro Se
639 stonegate dr
Sycamore Illinois 60178
779-777-3265
harpees5@yahoo.com


Certificate of Service
I hereby certify that on May 31st 2024, a true and correct copy of the foregoing Motion to Dismiss Eviction Proceeding and for Protective Order was served upon:
BKA Holdings and Nicholas Cronauer
by email:
nc@cronauerlaw.com
melissamobile33@gmail.com