**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**6/4/2024**

**JEFFREY P. ALLSTEADT, CLERK**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION DIVISION
In re: Karen Kristen Auksi-Sam
Chapter 7
) No. 23-80459
Debtor(s) Judge Thomas M. Lynch

Exhibits for my motion for contempt and damages.

Attorney Nicholas Cronauer of BKA Holdings has resorted to reprehensible tactics to harass my wife. He recently submitted an affidavit in a lower court for a new eviction proceeding that is both legally and morally questionable. This affidavit, provided by a paid process server who masquerades as a medical expert, is a blatant attempt to misrepresent my wife's medical condition.

In the affidavit, the process server, lacking any medical qualifications, attempts to diagnose my wife with an autoimmune disorder. He inaccurately states, "whose husband claims has an autoimmune condition known as Graves' disease." First, these are not my claims but the diagnoses of Karen's medical professionals (see attached documentation). Second, Karen's actual condition is Common Variable Immune Deficiency (CVID), a serious autoimmune disorder distinct from Graves' disease (see attached medical records).

This process server's statements not only constitute unauthorized medical practice but also reveal a profound ignorance of the difference between thyroid conditions and autoimmune disorders. This deliberate misinformation is a direct attack on my wife's credibility and health, aimed at shaming and embarrassing her.

Cronauer's and his associate's actions violate the Americans with Disabilities Act (ADA) by discriminating against my wife based on her disability. Under 42 U.S.C. § 12182, it is unlawful to discriminate against individuals with disabilities in public accommodations, including housing. Furthermore, the Fair Housing Act (FHA) under 42 U.S.C. § 3604(f) prohibits housing discrimination based on disability. Cronauer's attempts to evict us based on my wife's medical condition constitute a clear violation of these statutes.

Case law supports the protection of individuals with disabilities from such harassment and discrimination. In *City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725 (1995), the Supreme Court reinforced the importance of reasonable accommodations in housing for individuals with disabilities. Additionally, *Bragdon v. Abbott*, 524 U.S. 624 (1998), underscores the necessity of recognizing and accommodating the unique needs of individuals with disabilities.

The actions of Cronauer, BKA Hokdings and his associate are not only legally indefensible but also morally repugnant. My wife's health is fragile, and these continuous, baseless attacks exacerbate her condition, making daily life increasingly difficult. This harassment must be stopped immediately to protect my wife's well-being and uphold the integrity of the legal system.

I urge the court to see through these deceitful tactics and take appropriate action against those who seek to exploit the judicial process to harass and harm individuals with disabilities. The law must protect the vulnerable, not serve as a tool for their oppression.

Robert Sam

*BKA Holdings, LLC*
*V.*
*Robert Sam, et.al.*

24 EV 136

## AFFIDAVIT OF JAMES MITCHELL

**FILED**
5/31/2024 9:24 AM
2024EV000136

*Lori Grubbs*
Lori Grubbs
Clerk of the Circuit Court
DeKalb County, Illinois

- I am at least 18 years old, and have personal knowledge of the facts contained herein.

- I serve process in the State of Illinois.

- I have served Karen Sam at least three times with notices and summons, at 639 Stonegate Drive, Sycamore, IL. Eviction for possession of the premises is now being sought and had the ability to interact with her each time.

- Karen Sam, whose husband claims has an autoimmune condition known as Graves' disease, does not exhibit any visible signs of distress or inability to navigate her surroundings. During interactions where court papers were served at the residence I observed the following:

    - Karen met me half way down the sidewalk without any noticeable limp or difficulty in movement;

    - She appeared energetic and displayed no signs of fatigue or weakness;

    - No facial expressions nor sounds indicating in any pain;

    - Karen was breathing normally, unassisted by any medical device, indicating no apparent respiratory distress nor any belabored breathing observed;

    - Ability to walk normally without assistance or medical device, or any limp and could stand under her own power;

    - She was not in any wheel-chair

    - There were no observable concerns for her health or physical state

1

during this interaction.

- Karen had an upright posture, a calm facial expression, and appeared well-groomed.

- She spoke clearly and responded promptly, indicating no cognitive or speech impairments;

- Karen took the papers from the me effortlessly, demonstrating normal hand function;

- She stood and interacted for the duration of the exchange without showing signs of exhaustion;

- Karen appeared attentive, aware of her surroundings, and engaged fully in the interaction and not confused by being served paperwork;

- She did not use any assistive devices such as a cane or walker;

- She had clear skin, steady hands, and no noticeable tremors;

- Karen navigated her environment, such as opening the door and stepping over thresholds, without assistance or difficulty.


- I had no concern for her well-being and from all outwardly appearances, interaction, and demeanor, would not perceive any physical or mental disability.


I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

James Mitchell

2


**LOYOLA MEDICINE**
*We also treat the human spirit.®*

July 1, 2016

To Whom It May Concern:

Karen K Sam is a patient of mine who I have been taking care of for years.  she
has the following diagnosis:

**Past Medical History**

| Diagnosis | Date |
|---|---|
| • Asthma | |
| *triggers: weather changes, allergies - dogs and cats - has both* | |
| • CVID (common variable immunodeficiency) | 2/3/2016 |
| • DJD (degenerative joint disease) | |
| *thoracic region* | |
| • Hashimoto's thyroiditis | |
| • Migraines | |
| *with aura* | |
| • Scoliosis | |
| • Septic shock | |
| *due to possible food poisoning* | |

Due to her various medical conditions, she is totally disabled and unable to work.
 She cannot drive due to her thyroid disease affecting her vision.  She cannot be
in public places for any duration of time due to her immunodeficiency.  She also
has chronic migraines, causing her pain nearly every day, which we are in the
process of trying to get under control.



**LOYOLA
MEDICINE**

*We also treat the human spirit.*

December 29, 2016

Kara Doss, MD
Center For Health At Mercy Oak Medicine Pediatrics
18740 Mercy Drive

To Whom It May Concern:

Karen K Sam has been a patient of mine since 5/2014.  She has the following
medical issues:

**Patient Active Problem List**
Diagnosis
- Migraines
- DJD (degenerative joint disease)
- Scoliosis
- Septic shock
- Asthma, moderate persistent
- Microscopic colitis
- CVID (common variable immunodeficiency)
- Allergic rhinitis due to cats
- Allergic rhinitis due to dogs
- Graves disease

As you can see, she suffers from CVID, an immunodeficiency which makes her
more susceptible to infection.  She has suffered from infections over the course
of her life, and once was critically ill as a result, leading to septic shock.  She has
been actively getting treatment for CVID but is still at risk of infection.  Due to
this, as well as some of her other medical problems, Karen has been unable to
work.  It is my medical opinion that she has been unable to work for a long
period of time (well before 2012) and probably for her whole life, and has a
chronic disability.

Please do not hesitate if you have any questions.

Sincerely,

Sara Doss, MD
Center For Health At Homer Glen Medicine Pediatrics
15750 Marian Drive
Homer Glen IL 60491
PH: 708-645-3400

1:01 

 **MyChart - Letters** ⌄          **Done**

---

Name: Karen K AUKSI-SAM | DOB: 12/16/1977 | MRN: 1962859 | PCP: Sara Doss, MD | Legal Name: Karen K AUKSI-SAM

# Letter Details


LOYOLA
MEDICINE
*We also treat the human spirit.*

May 7, 2023

To Whom It May Concern:

Karen K AUKSI-SAM has been a patient of mine since 2014. She has the following medical conditions:
**Patient Active Problem List**
Diagnosis
- Migraines
- DJD (degenerative joint disease)
- Scoliosis
- Septic shock
- Asthma, moderate persistent
- Microscopic colitis
- CVID (common variable immunodeficiency)
- Allergic rhinitis due to cats
- Allergic rhinitis due to dogs
- Graves disease
- Migraine without aura and without status migrainosus, not intractable
- CIN III (cervical intraepithelial neoplasia grade III) with severe dysplasia

Ms. Auksi-Sam suffers from CVID, an immunodeficiency which makes her more susceptible to infection. She has suffered from infections over the course of her

life, and once was critically ill as a result, leading to septic shock.  She has been actively getting treatment for CVID but is still at risk of infection.  Due to this, as well as some of her other medical problems, Karen has to have stable housing to receive her treatments and try to remain healthy.

Sincerely,


Sara Doss, MD

Loyola Medicine Homer Glen
15750 Marian Drive
Homer Glen IL 60491-6200
PH: 708-645-3400

3:36     5G<sup>U</sup><sub>W</sub> 

AA    🔒 mychart.luriechildrens.org    ↻

☰ MyChart



Re: Harper, Sam
DOB: 5/00/2009
Medical Record Number:

Harper Sam is be...

...heterotopia, also kn...

...children can benefit from ...

...neuropsycho...

Diana Sil...................MD
Division of Pediatric Neurology



THE CITY OF
**ROCKFORD**
ILLINOIS, USA

Human Services Department
Community Services Division
A Community Action Agency

November 27, 2019

To Whom It May Concern:

Mr. Robert Sams and his family are eligible for a mainstream HUD voucher that will provide them with the ability to afford their housing. They have begun the application process and we believe they could have the voucher within a few weeks. Mr. Sam's family has been devastated by the debilitating illnesses that have affected his wife and daughter and he was placed in the unfortunate position of having to quit a good job so that he was eligible for Medicaid so he could afford medicine for his wife and daughter.

Recognizing that these unfortunate circumstances are not the responsibility of the landlord, we are requesting that the court allow for a reasonable amount of time of at least fourteen days to allow Mr. Sams and the agencies assisting him time to either produce the funds needed to halt the eviction through payment in full or complete the HUD voucher process.

Sincerely,

Jennifer Jaeger
Community Services Director
Boone/DeKalb/Winnebago Counties
Continuum of Care

City of Rockford, Illinois USA

**SOCIAL SECURITY ADMINISTRATION**



Office of Hearings Operations
STE 201
2301 W 22ND ST
OAK BROOK, IL 60523-5627

Date: January 30, 2024

Karen Kristen Auksi-Sam
639 Stonegate Dr
Sycamore, IL 60178

## Notice of Decision – Fully Favorable

I carefully reviewed the facts of your case and made the enclosed fully favorable decision. Please read this notice and my decision.

Another office will process my decision and decide if you meet the non-disability requirements for Supplemental Security Income payments. That office may ask you for more information. If you do not hear anything within 60 days of the date of this notice, please contact your local office. The contact information for your local office is at the end of this notice.

### If You Disagree With My Decision

If you disagree with my decision, you may file an appeal with the Appeals Council.

### How To File An Appeal

To file an appeal you must ask in writing that the Appeals Council review my decision. The preferred method for filing your appeal is by using our secure online process available at https://www.ssa.gov/benefits/disability/appeal.html.

You may also use our Request for Review form (HA-520) or write a letter. The form is available at https://www.ssa.gov/forms/ha-520.html. Please write the Social Security number associated with this case on any appeal you file. You may call (800) 772-1213 with questions.

Please send your request to:

**Social Security Administration**
**Office of Appellate Operations**
**6401 Security Blvd**
**Baltimore, MD 21235-6401**

Form HA-L76 (07-2023)



**Suspect Social Security Fraud?**
**Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline**
**at 1-800-269-0271 (TTY 1-866-501-2101).**

See Next Page

## IN THE CIRCUIT COURT OF THE TWENTY-THIRD JUDICIAL CIRCUIT
## DEKALB COUNTY, ILLINOIS

BKA HOLDINGS, LLC, an Illinois Limited
Liability Company, and Melissa Mobile

Plaintiff,

v.

ROBERT SAM

Defendant.

Case No. 24 MR _____

---

### CIVIL COMPLAINT

NOW COMES the Plaintiffs, BKA HOLDINGS, LLC and MELISSA MOBILE, by and through its undersigned counsel, and brings this action for contempt against the Defendant, Robert Sam, for the unauthorized practice of law, in violation of 705 ILCS 205/1.

### FACTS COMMON TO ALL COUNTS

1. This Court has jurisdiction over this matter pursuant to 705 ILCS 205/1 because the unauthorized practice of law occurred from DeKalb County.

2. The Defendant, Robert Sam, is an individual willfully holding over at 639 Stonegate Dr., Sycamore, Illinois 60178, and is not licensed to practice law.

3. At all relevant times, Robert Sam has attempted to represent and practice law on behalf of his wife, Karen Sam, and daughter despite not being licensed to represent others.

4. On April 20, 2023, Karen Sam filed Chapter 7 Bankruptcy.

5. Robert Sam did not file bankruptcy with his wife.

6. In the Bankruptcy, Karen Sam attested, under oath and penalty of perjury, that $10,000 was owed to Plaintiff landlord. *See* Ex. 1.

7. On May 4, 2023, Karen K. Auksi-Sam filed, under oath penalty of perjury, a statement of accounts, and attested that Robert Sam was a co-debtor of the $10,000 owed to the landlord. *See* Ex. 2, at. 23-24

8.   Karen Sams bankruptcy was discharged on August 10, 2023, with the debt to Plaintiff being discharged as to Karen Sam. Ex. 3.

9.   The automatic stay terminates automatically upon discharge of bankruptcy pursuant to 11 U.S.C. § 362(c)(2)(C).

10.  Plaintiff was free to proceed with an eviction for possession of property upon discharge of bankruptcy.

11.  On May 17, 2024, Defendant filed an order of protection in this Circuit, titled 24 OP 217 alleging his wife and daughter need protection from Plaintiff and undersigned for various eviction actions against them, bearing case numbers 23 EV 102, 24 EV 136. *See* Ex. 4.

12.  Plaintiff also filed an eviction in 2019 against Defendant, 19 LM 614.

13.  The order of protection references that it is being brought by Robert Sam on behalf of his wife and daughter due to two prior evictions against Defendant's wife from 2023 and 2024.

14.  Defendant sealed all his evictions from the public records but this Court can and must take judicial notice of their filings for purposes of this complaint.

15.  On May 21, 2024, Robert Sam was ordered by the Federal Magistrate Judge to stop filing *pro se* motions before the Court. *See* ECF 88, 23 CV 50301. Robert Sam routinely files motions in the federal court on behalf of his wife's bankruptcy case alleging, falsely, a violation of the automatic stay.

16.  On May 24, 2024, Judge Buick denied Robert Sam's order of protection, with prejudice, holding, narrowly, that there is not any recognized relationship that would give rise to an order of protection finding under the Domestic Battery Act. She did not address any unlawful practice of law argument given her narrow holding.

17.  On or about May 30, 2023, Robert Sam filed a motion on behalf of Karen K. Auksi-Sam, in the United States Bankruptcy Court, Northern District of Illinois, Case No. 23-80459. *See* Ex. 5

18.  Robert Sam states therein that the motion he is filing is on behalf of Karen K. Auksi-Sam and that he is filing it on her behalf despite not being a licensed attorney.

### COUNT I: COMPLAINT FOR CONTEMPT PURSUANT TO 705 ILCS 205/1 FOR DEFENDANT'S UNAUTHORIZED PRACTICE OF LAW

19.  The actions of Robert Sam, as detailed above, constitute the unauthorized practice of law in violation of 705 ILCS 205/1, which states:

No person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State.

* * *

"Any person practicing, charging or receiving fees for legal services or advertising or holding himself or herself out to provide legal services within this State, either directly or indirectly, without being licensed to practice as herein required, **is guilty of contempt of court and shall be punished accordingly,** upon complaint being filed in any Circuit Court of this State."

20. The Defendant's conduct undermines the integrity of the legal system and caused potential harm to the parties involved by requiring them to continually address, through a licensed attorney, his frivolous and vexatious filings not based on any fact nor law, incurring unnecessary legal costs as damages.

WHEREFORE, Plaintiffs pray that this Court order, against Defendants:

(i)   appropriate equitable relief;

(ii)   a civil penalty not to exceed $5,000, which shall be paid to the Illinois Equal Justice Foundation; and

(iii)   actual damages for all legal costs incurred to defend against Robert Sam's unlawful practice of law; and

(iv)   Defendant be required to strike and dismiss any claims and damages he asserts on her behalf;

(v)   Defendant be restrained from any further efforts as a non-lawyer from representing Karen Sam, his daughter, or any other person given he is not a lawyer until he shows proof he has passed the bar examination.

## COUNT II:  MALICOIUS PROSECUTION

For Count II by Plaintiffs, alleging Malicious Prosecution by Defendant, alleges as follows:

21. The defendant commenced an order of protection under the Domestic Battery Act against the Plaintiff Melissa Mobile that lacked any basis in fact or law to be filed and pursued;

22. The order of protection terminated in the Plaintiff's favor;

23. Given the Domestic Battery Act not defining landlord-tenant as a relationship that could be protected and the evictions being permitted by Illinois' eviction act, as well as the bankruptcy filings admitting $10,000 was owed by Karen and Robert Sam to Melissa Mobile for rent, which permits eviction, there was an absence of probable cause for the proceeding;

24. The defendant has acted with malice by routinely, and continually, filing vexatious and frivolous claims and motions  he's prosecuting on behalf of his wife and daughter despite not being a lawyer; and

25. the plaintiff has suffered damage by incurring attorney fees to continually address Defendants unlawful practice of law.

WHEREFORE, the Plaintiff prays for judgment against the Defendant after a trial by jury in excess of $50,000, punitive damages, and any other relief deemed equitable and just.

Respectfully submitted,

By: /s/ C. Nicholas Cronauer

CRONAUER LAW, LLP
C. Nicholas Cronauer, IL ARDC #6305683
1101 DeKalb Avenue, Suite 2
Sycamore, Illinois 60178
Telephone: (815) 895-8585
Facsimile: (815) 895-4070
Service@cronauerlaw.com