IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
|     KAREN AUSKI-SAM | ) | |
| | ) | |
|     Debtor | ) | Case No.: 23 BK 80459 |

**RESPONDENT'S OBJECTION TO RE-OPENING DEBTOR'S BANKRUPTCY**

Now comes BKA Holdings, LLC and Melissa Mobile, through undersigned Counsel, and in objection to re-opening Debtor's Chapter 7 Bankruptcy for the lack of good cause, states as follows:

    1. On April 20, 2023, Debtor filed bankruptcy.

    2. On May 23, 2023, debtor's husband filed a civil Lawsuit in State Court. On August 17, 2023, debtor's husband filed a duplicative lawsuit in federal court alleging civil rights violations against him and his wife. At no point was it alleged there was any violation of any automatic stay or discharge order.

    3. On August 8, 2023, a discharge under 11 U.S.C. § 727 was granted to debtor. Debtor's husband, Robert Sam, did not file a bankruptcy petition. Robert Sam was not granted a discharge order.

    4. Robert Sam filed the motion before the Court on behalf of his wife, but Robert Sam is not a lawyer and therefore cannot represent anyone in this matter since he is not a party to the bankruptcy. Only a member of the court's bar (or a lawyer admitted *pro hac vice*) can represent another person or entity in litigation. *AsmyaDesign, LLC v. CBL & Assoc.*, 2024 U.S. App. LEXIS 13345, * 3. For that reason alone, the motions must be denied out rigiht. Regardless, if the Court wants to address the merits, it still must be denied.

    5. Debtor's automatic stay expired by operation of law upon the discharge order entered August 8, 2023. *See* 11 U.S.C. § 362(c)(2)(C).

6. At all relevant times, Debtor lived, and still lives, at the residence owned by Creditor Mobile and lives there with her husband Robert Sam. Both have been on the lease at all relevant times.

7. As part of the August 2023 discharge, $10,000 in Debtor's past due rent and utilities payable to creditor Mobile was discharged. No part of Robert Sam's obligation to pay rent or utilities was discharged.

8. Robert Sam is jointly and severally liable for all unpaid rent and utilities.

9. Under 11 U.S.C. § 727(b), Debtor's Chapter 7 discharge "discharges the debtor from all debts that arose before the date of the order for relief under this chapter." This means that any debts incurred after the filing date are not included in the discharge and remain the responsibility of the debtor.

10. As Debtor's motion establishes and attached as an exhibit, an eviction complaint was filed by undersigned counsel on March 29, 2024, against Debtor and Debtor's husband Robert Sam for numerous reasons, including not paying rent or utilities. *See* Ex. E. The thirty-day notice alleges $5,780 due as of February 27, 2024. The eviction complaint, filed 31 days later, which includes another month of rent and utilities, alleges $6,228.60 is owed. Defendant's motion for partial summary judgment makes clear that it is not seeking to collect any debt against Karen Sam that was discharged by this Court on August 8, 2023. *See* Ex. 1, attached hereto. *See* Creditor's Motion for Summary Judgment, attached hereto as Exhibit 1.

11. Logically and temporally, a 2024 eviction cannot violate an automatic stay that ended upon discharge on August 8, 2023. *See* 11 U.S.C. § 362(c)(2)(C). Creditor has made clear in eviction filings that any damages owed, will be tailored to Debtor for rent and utilities incurred after her bankruptcy discharge date, not before. *See* Ex. 1

12. 11 U.S. Code § 350(b) states a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause. Courts have ample

discretion in determining what qualifies as cause for the purposes of § 350(b). Moreover, the movant bears the responsibility for demonstrating cause to reopen a case. In re Ramsoomair, 2022 Bankr. LEXIS 686, *11 (Bankr. S.D.N.Y. March 18, 2022). Factors that courts consider to demonstrate cause include: 1) the length of time the case was closed; 2) if a non-bankruptcy forum has jurisdiction to determine the issue that is the basis for reopening the case; 3) if prior litigation within the bankruptcy court determined that state court would be a better forum; 4) if any parties would suffer prejudice if the court were to grant or deny the motion to reopen; 5) the benefit to the debtor by reopening, and 6) if it is clear from the outset that the debtor would not be entitled to relief from reopening the case. In re Wiggins, 2013 Bankr. LEXIS 3587, *3-4 (Bankr. S.D.N.Y. August 29, 2013) (citing In re Wilson, 492 B.R. 691, 695 (Bankr. S.D.N.Y. 2013)). Moreover, a court will not reopen a case where there is no possibility of relief for the debtor. In re Ramsoomair at *12.

13. Of the factors that courts look to when considering if a party has established cause for the purposes of § 350(b), the most germane is whether a non-bankruptcy forum has jurisdiction to determine the issues that are the basis of reopening the case. Bankruptcy courts have discretion to refuse to hear matters that are ancillary to the core function of adjudicating the debtor's estate. Elias v. United States (In re Elias), 188 F.3d 1160, 1162 (9th Cir. 1999) (holding that as the state court was "fully capable" of resolving a fee dispute, the bankruptcy court did not abuse its discretion in refusing to decide the issue). Though, where a request to reopen a case falls within the exclusive jurisdiction of the bankruptcy courts, reopening is appropriate. In re Atari, Inc., 2016 Bankr. LEXIS 1779, *23-24 (Bankr. S.D.N.Y. April 20, 2016) (holding that the bankruptcy court was the most appropriate forum as the issue at hand revolved around releases that were essential to the original chapter 11 plan and confirmation). Here, the relief being sought by the Sam's is ancillary to the core function of adjudicating the estate. They are not asking that the estate be adjudicated further.

14. Debtor has failed in her burden to show this bankruptcy should be re-opened. The eviction court is open and available to her to raise any concerns about what amount of rent and utilities will be her responsibility that is in compliance with the discharge order. In fact, debtor has filed (through her husband again) a motion seeking a stay in the eviction Court alleging a violation of the discharge, that is scheduled to be heard on June 10, 2024 even though there has been no violation of any stay or discharge. No judgement against Debtor obtained, entered, nor being collect. Debtor has been living in the premises, since the date of discharge however, and not paid rent nor utilities due. Creditor has yet to even get an eviction order or any order for possession given the voluminous filings by the Sams across many courts and various jurisdictions in order to delay the inevitable eviction, let alone is there any judgment for damages. Lastly, seeking "sanctions" for conduct that has not even met a *prima facia* showing of any conduct that is improper, let alone sanctionable, are not connected to the core function of adjudicating Debtor's estate, requiring the motion be denied.

15. Really what the Sam's are seeking is for the case to be re-opened in order get the automatic stay re-instated.[1] However, if Debtor's bankruptcy case is reopened under § 350(b), a "[d]ebtor would not be afforded the protection of the automatic stay." In re Rosillo, 2007 Bankr. LEXIS 2620, *8 (Bankr. S.D.N.Y. July 31, 2007). The automatic stay is effective only upon the filing of a bankruptcy petition. Burke v. U.S. (In re Burke), 198 B.R. 412, 416 (Bankr. S.D. Ga. 1996). Reopening a case does not reinstate the automatic stay for the purposes of § 362(a). Id. Even if this Court decided to reopened Debtor's case pursuant to § 350(b), doing so should not reinstate the automatic stay and no such automatic stay should otherwise be ordered nor inferred given Debtor's husband proclivity for

---

[1] Debtor's husband, Robert Sam filed for an order of protection on May 17, 2024 against undersigned and Melissa Mobile in 24 OP 217, alleging Debtor needed protection from the eviction proceeding. He also sought sanctions and contempt motions before the federal Magistrate seeking to "stay" the eviction four different times. It's been denied by the Magistrate every-time. See 23 CV 50301, at ECF # 81, 85, 88, 90. The OP was also denied with prejudice. This bankruptcy filing by Debtor "through her husband" is a continuation of his relentless *pro se* litigation to delay the inevitable and imminent eviction. The Federal Magistrate "directed" Debtor's husband to stop filing *pro so* motions before her on May 21, 2024, *Id.* at #88, which is why he filed motions with this Court.

making various filings among numerous courts making legally unfounded allegations. Only the filing of a bankruptcy petition effectuates the automatic stay under § 362(a). Given that Debtor is seeking to reopen her bankruptcy case under § 350(b), it is not possible to reinstate the automatic stay under § 362(a) and if the estate is re-opened, it must be made clear the automatic stay is not in effect.

WHEREFORE, Creditor prays that the estate is not re-opened because the relief is not a core proceeding, nor is their good cause shown in order to re-open the estate.

By: /s/C. Nicholas Cronauer

CRONAUER LAW, LLP
C. Nicholas Cronauer (ARDC#6305683)
Attorney for Plaintiff
1101 DeKalb Avenue, Suite 2
Sycamore, Illinois 60178
T 815-895-8585/(F) 815-895-4070
NC@CronauerLaw.com
Service@CronauerLaw.com

Dated June 6, 2024